# Clinch County Bank *v.* Wyatt-Prock Lumber Company, Appellant.

*Contract — Contract of guarantee — Written agreement — Evidence.*

In an action of assumpsit based upon a written agreement to honor a draft, the case is for the jury and a verdict for the plain-

tiff will be sustained, where the evidence established that the defendants had executed an unqualified promise to honor the draft in payment of certain shipments of lumber, which were duly delivered to the defendant.

Argued October 12, 1923. Appeal, No. 276, Oct. T., 1923, by defendant, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1920, No. 7349, on verdict for plaintiff, in the case of Clinch County Bank v. Wyatt-Prock Lumber Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on written contract. Before HENRY, P. J., 52d Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,122.93 and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court and answers to points.

*Albert L. Moise,* for appellant.

*Edmund W. Kirby,* of *Morris & Kirby,* for appellee.

OPINION BY GAWTHROP, J., November 19, 1923:

Plaintiff sued in assumpsit on a contract based upon the following facts which are either admitted or established beyond question. Defendant had agreed to purchase three cars of lumber from one Fordham, trading as Gilmer-Bulloch Lumber Company. On May 10, 1920, when the lumber was ready for shipment and on the cars, defendant, acting by its duly authorized agent, delivered to Fordham at Valdosta, Georgia, the following letter:

"Valdosta, Ga., May 10th, 1920.

"Clinch County Bank
  "Homerville, Ga.

"Gentlemen:
  "We will honor and pay when presented your draft on cars as follows of Gilmer Bulloch Lumber Co.

| "Car C M & st P. | 75254 | $279.67 |
| "Car C P & st L | 1831 | 294.28 |
| "Car L I | 2827 | 394.08 |
|  |  | $968.03 |

"With invoices and B-L attached.
                "Yours very truly
                        "Wyatt-Prock Lumber Co.
                        "Harry A. Prock, Treas."

On May 13, 1920, Fordham presented to plaintiff a draft of the same date drawn on defendant in plaintiff's favor for $968.03, together with the above letter and bills of lading for the three carloads of lumber mentioned in the letter. Whereupon, plaintiff bank paid to Fordham the amount of the draft. The lumber was shipped to and received by defendant who refused to pay the bank the amount of the draft. The defense was, first, that Fordham procured the letter by fraudulent misrepresentations, and second, that the lumber received was not of the grade and quality ordered. At the trial there was no evidence to establish the charge of fraud in procuring the letter. Defendant's witnesses, Wyatt and Prock, president and treasurer, respectively, of defendant company, testified that the bank had no knowledge of the transaction or the statements made at the time Prock signed the letter of May 10th. The trial judge refused to permit the introduction of evidence of the other defense because the bank was not a party to the transactions between Fordham and defendant. A verdict was directed for plaintiff on the ground that the undertaking of defendant with the bank was a direct, positive and un-

qualified promise to honor and pay the draft for the lumber described in the letter and invoices and bills of lading, and that the promise was binding on defendant in the absence of some defense available against the bank. The fallacy of the contention of counsel for defendant here and in the court below seems to be due to his apparent conception that the suit was on the draft, whereas it was on the contract growing out of the letter of May 10th. Many of his points for charge, the refusal of which is assigned for error, are applicable only to a suit brought on a negotiable instrument by the holder thereof. Most of the cases cited and relied on by him are declaratory of the law applicable only to such a suit. This was not such a case. Defendant has no cause to complain of the rulings of the learned trial judge. The bank performed by honoring the draft and was entitled to a directed verdict.

All of the assignments of error are overruled and the judgment is affirmed.